UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SMC SYSTEMS, INC.,
d/b/a SKYETEC,

    Plaintiff,

vs.                                               Case No. 3:17-cv-584-J34-PDB

PEG, LLC and
SANDY R. GALLO, SR.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co.,168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); see also Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On May 23, 2017, Defendants PEG, LLC (PEG) and Sandy Gallo (together, Defendants) filed Defendant's Notice of and Petition for Removal (Doc. No. 1; Notice) removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1; Verified Complaint for Injunctive and Other Relief (Doc. No. 2; Complaint). In the Notice, Defendants assert that the "Complaint is removable on the basis of diversity pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiff and Defendants; and (2) the amount in controversy exceeds $75,000 with respect to Plaintiff's claim against Defendants." Notice at 2. However, despite this assertion, the Court is unable to determine whether it has jurisdiction over this action.

Initially, the Court notes that "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Here, the Notice's allegation as to the citizenship of PEG is deficient. Specifically, Defendants identify PEG as a Virginia limited liability company, but allege its citizenship as if it is a corporation. See Notice at 3. As such, the Court is unable to determine PEG's citizenship. If PEG is, indeed, a limited liability company, then it is reminded that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to sufficiently allege citizenship as a limited liability company, PEG must list the citizenship of each of its members, be it an individual, corporation, LLC, or other entity. See id.

Additionally, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Nevertheless, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,]" reliance on such reasoning to establish jurisdiction "is not akin to [impermissible] conjecture, speculation, or star gazing." Id. at 754. Indeed, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Id. All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. See id. at 752 (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

Upon review of the Notice and Complaint, it is not facially apparent that the amount in controversy exceeds the $75,000 jurisdictional amount. See 28 U.S.C. § 1332(a)(1). While Defendants do allege that "Plaintiff expressly claims damages in excess of $60,000," and that "the true expected amount of [statutory] attorneys' fees alone is far more likely to exceed $75,000[,]" these types of conclusory assertions are insufficient to confer the Court's subject matter jurisdiction over this action. See Williams, 269 F.3d at 1319-20 (recognizing that when removing a case to federal court, if the plaintiff does not allege a specific amount of damages, and it is not apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional amount, a "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden" of establishing

diversity jurisdiction); see also Pretka, 608 F.3d at 752.

Additionally, the Court notes that, although Defendants contend that "[f]or the purposes of establishing the amount in controversy, an estimate of legal fees through trial is appropriate[,]" Notice at 10, "courts in this circuit are divided over whether to include the projected amount of attorney's fees or only attorney's fees as of the time of removal[,]" Miller Chiropractic & Med. Ctrs., Inc. v. Progressive Select Ins. Co., No. 8:16-CV-3034-T-33MAP, 2016 WL 6518782, at *1 (M.D. Fla. Nov. 3, 2016) (citing conflicting cases)[1]. While the Court is inclined to agree with the general rule that only pre-removal attorney's fees can contribute to the amount in controversy for the purpose of establishing subject matter jurisdiction, as Defendants must supplement their jurisdictional allegations, the Court also will allow Defendants to address the question of whether "speculative attorney's fees should be included in the diversity jurisdiction calculus." Lott & Friedland, 2010 WL 2044889, at *3.

---

[1] See, e.g., Keller v. Jasper Contractors, Inc., No. 8:15-CV-1773-T-23-TBM, 2015 U.S. Dist. LEXIS 106110, at *3 (M.D. Fla. Aug. 12, 2015) (noting that "only the attorney's fees accrued to the day of removal can contribute to the amount in controversy"); Lott & Friedland, P.A. v. Creative Compounds, LLC, No. 10-20052-CV, 2010 WL 2044889, at *4 (S.D. Fla. Apr. 21, 2010) ("The Court agrees with the general rule that post-removal events, such as the subsequent generation of attorney fees, cannot create jurisdiction that was lacking at the outset."); Rogatinsky v. Metro. Life Ins. Co., No. 09-80740-CIV, 2009 WL 3667073, at *2 (S.D. Fla. Oct. 26, 2009) ("[For] jurisdictional purposes, the amount of attorney's fees are calculated at the time of removal.").

In light of the foregoing, the Court will give Defendants an opportunity to establish diversity of citizenship between the parties and the amount in controversy such that this Court has jurisdiction over the action.[2]  Accordingly, it is

**ORDERED**:

Defendants PEG, LLC and Sandy Gallo shall have until **June 2, 2017**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on May 24, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Counsel of Record

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").